UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GUILLORY,<br><br>    Plaintiff,<br><br>    v.<br><br>TSHERING BHUTIA, et al.,<br><br>    Defendants. | No. 2:21-cv-0462 AC P<br><br><br><br>ORDER |

Plaintiff, a former[1] county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 5, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. In addition, plaintiff will be given the choice either to proceed on the cognizable claims identified herein or to file an amended complaint.

////

////

---

[1] The court notes for the record that the docket for this action indicates that plaintiff has been paroled and is no longer in custody. See generally March 29, 2021, docket entries indicating same and that court mail to plaintiff has been returned as undeliverable.

I.       IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 5, 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.   THE COMPLAINT

Plaintiff names psychiatrist Tshrering Bhutia and registered nurse Tiffany Flores, employees at California Medical Facility – Vacaville ("CMF-Vacaville"), as defendants in this action.  See ECF No. 1 at 1-2.  The complaint alleges as follows.  On January 14, 2020, plaintiff's cell was extremely cold – 57 degrees – and its temperature was preventing him from being able to sleep.  See id. at 3.  In order to get the attention of staff to alert them to the problem, plaintiff "boarded up" the window to his cell.  See id.  In response, a correctional officer named Heath opened plaintiff's cell, handcuffed him, and took him to the prison dayroom.  See id.

Defendant Bhutia "confronted" plaintiff in the dayroom.  After plaintiff told Bhutia about the cold temperature in his cell and his resulting inability to sleep, Bhutia, wrongfully determined that plaintiff was "agitated," and without further inquiry and without plaintiff's consent, ordered that he be injected with chlorpromazine – a psychotropic and heat risk medication – as well as with Benadryl.  See ECF No. 1 at 3, 6.  Prior to this incident, plaintiff had no history of prescribed psychiatric / anti-psychotic medication and there had never been a need or justification for prescribing such medications to him.  See id. at 6.

Almost immediately after being forcibly injected with the drugs, plaintiff began suffering nausea, throbbing headaches, vomiting, diarrhea, pain in his left arm, blackouts, and other adverse reactions.  See ECF No. 1 at 6.  Later that day, when plaintiff repeatedly complained to defendant Flores about his symptoms, she falsified and/or improperly documented his records in her progress notes, writing, "[Plaintiff has] [n]o physical complaints.  No medication side effects reported."  See id. (brackets added).

Plaintiff contends that the actions of defendants Bhutia and Flores constituted improper medical care that threatened his safety, amounting to cruel and unusual punishment in violation of his Eighth Amendment rights. See ECF No. 1 at 3, 7. He asserts that defendant Bhutia's actions were deliberate and were done with the intent to cause him harm. See id. at 7. He further asserts that defendant Flores demonstrated deliberate indifference to his serious medical needs when she actively "chose to obfuscate, misdocument [sic], falsify, and otherwise downplay [his] injuries, by failing to accurately record the fact that [he] repeatedly informed her of his pain." See generally id. at 8 (brackets added). Plaintiff also makes a general claim that his rights to due process and equal protection under the Fourteenth Amendment were violated as a result of defendants' actions. See id.

IV.     DISCUSSION

    A.     Claims for Which a Response Will Be Required: Eighth Amendment

Plaintiff has stated cognizable Eighth Amendment deliberate indifference claims against defendants Bhutia and Flores. Regarding defendant Bhutia's alleged forced injection of plaintiff with chlorpromazine and other medication that plaintiff did not want, "[a] difference of opinion between a physician and a prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (brackets added) (citation omitted). However, the allegations here are that Dr. Bhutia ordered involuntary psychotropic medication for an inmate who was not experiencing a mental health crisis. Accordingly, plaintiff will be permitted to proceed on this claim against defendant Bhutia.

As for defendant Flores, it is well-settled that an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, at 105-106 (1976). However, medical treatment of a prisoner that manifests a deliberate indifference is actionable. See, e.g., id. at 104-105, n.10 (finding deliberate indifference may be demonstrated by prison doctors' responses to prisoners' needs; by prison guards intentionally denying or delaying access to medical care, or by their intentional interference with treatment once prescribed and providing examples). Indeed, "access to medical

////

staff is meaningless unless that staff is competent and can render competent care." Ortiz v. Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (citations omitted).

The allegation that Flores failed to document plaintiff's severe adverse reactions to medication, and prolonged his suffering, rises to the level of an Eighth Amendment violation. Therefore, plaintiff will be permitted to proceed on this claim against defendant Flores as well.

B.   Failure to State a Claim: Fourteenth Amendment

Plaintiff has not stated cognizable Fourteenth Amendment due process or equal protection claims against Bhutia or Flores. Although he alleges in conclusory fashion that they both violated these rights (see ECF No. 1 at 7-8), the complaint provides no supporting factual allegations. The omnibus statement of facts in support of the complaint does not suggest any distinct Fourteenth Amendment claim, as it neither specifically alleges the deprivation of any due process protection to which plaintiff was entitled nor suggests that plaintiff was discriminated against.

A plaintiff must set forth specific facts with respect to each defendant's role in an alleged constitutional deprivation. See generally Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). For these reasons, plaintiff's claims of violation of right under the Fourteenth Amendment fail to state claims upon which relief may be granted. Plaintiff will, however, be given the opportunity to amend these claims, should he so choose.

V.   OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint, but only to the extent identified herein. Plaintiff is not, however, obligated to do so. He may, instead, proceed on the claims that the court has found are cognizable. Accordingly, he will be ordered to inform the court whether he wishes to proceed on the viable claims or to amend the complaint by providing more information about the currently deficient, yet potentially cognizable claims referenced above.

If plaintiff chooses to file an amended complaint, it will take the place of plaintiff's original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating

amended complaint supersedes original complaint).  Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VI.   PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your complaint states a claim against both defendants for deliberate indifference to your serious medical needs in violation of the Eighth Amendment, but you have not provided enough facts to state a claim for any violation of your Fourteenth Amendment rights.  You have a choice to make.  If you want to proceed on the medical claim only, and drop your Fourteenth Amendment claim, just tell the court that you want to do that and the complaint will be served.  In the alternative, you may choose to delay service of the complaint and amend your Fourteenth Amendment claim.  Use the enclosed form to let the court know your choice.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    3. Within fourteen days of the date of this order, plaintiff shall inform the court in writing that either:

        a. He wishes to proceed only on the cognizable claims identified herein, <u>and</u> he voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), or

        b. He wishes to file a first amended complaint.

    Failure to take one of these courses of action within the time allotted may result in the dismissal of this action for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>see</u> <u>also</u> L.R. 110.

    4. Should plaintiff opt to file a first amended complaint, he shall have thirty days from the date of this order within which to do so.

DATED: April 13, 2021

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GUILLORY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TSHERING BHUTIA, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0462 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　<u>CHECK ONE:</u>

　　<u>　　　</u>  Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendants Bhutia and Flores.  By choosing to go forward without amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the Fourteenth Amendment claims raised against defendants Bhutia and Flores, and (2) chooses to forego any related and/or potentially viable claims against them and any other potential, yet to be named defendants.

　　<u>　　　</u>  Plaintiff would like to amend the complaint.


DATED: <u>　　　　　　　　　　</u>

　　　　　　　　　　　　　　　　　　　　　<u>　　　　　　　　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　ANTHONY GUILLORY
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se