UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GUILLORY, | No. 2:21-cv-0462 AC P |
| Plaintiff, | |
| v. | ORDER |
| TSHERING BHUTIA, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a first amended complaint ("FAC"), ECF No. 17, which is before the court for screening. For the reasons stated below, the undersigned will order service on defendants Tshering Bhutia and Tiffany Flores.

I.  FIRST AMENDED COMPLAINT

The FAC alleges that defendant Bhutia, a psychiatrist, and defendant Flores, a registered nurse, both of whom were employees at California Medical Facility – Vacaville during the relevant period, deprived him of his Eighth Amendment rights when: (1) defendant Bhutia ordered that plaintiff be given psychotropic medication against his will, despite the fact that he was not experiencing a mental health crisis, and (2) defendant Flores failed to accurately

1

document his severe adverse reactions to medication, thus prolonging his suffering. ECF No. 17 at 3, 7-10. Specifically, plaintiff alleges that after he had complained about his cell being too cold and that it was preventing him from falling asleep, he was removed from his cell and "confronted" by Dr. Bhutia. Id. at 3. In response, Bhutia determined that plaintiff was "agitated," and she forced plaintiff to be injected with chlorpromazine and other medication he did not want. Id. at 3, 7. Prior to this incident, plaintiff had no history of prescribed anti-psychotic or other psychiatric medication, nor did he have a need for it. Id. at 7.

After being injected with the drugs, plaintiff had several physical reactions including general and left arm pain, nausea, throbbing headaches, vomiting, diarrhea, and blackouts. ECF No. 17 at 3, 7. When he repeatedly complained later that day to nurse Flores, she falsified and/or improperly documented plaintiff's records in her progress notes, indicating that he had no physical complaints and no side effects from the medication. Id. at 7.

Plaintiff further summarily asserts that his Fourteenth Amendment rights were violated. Id. at 4. No additional facts support this assertion.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. DISCUSSION

#### A. The FAC States Eighth Amendment Claims Against Both Defendants

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992). A prison official acts with deliberate indifference when he subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff has stated cognizable Eighth Amendment deliberate indifference claims against defendants Bhutia and Flores. Regarding Bhutia's alleged forced injection of plaintiff with chlorpromazine and other unwanted medication, "[a] difference of opinion between a physician and a prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (citation omitted).

However, the allegations here are that Dr. Bhutia ordered involuntary psychotropic medication for an inmate who was not experiencing a mental health crisis. At this stage the court must accept as true the allegation that plaintiff was not in psychiatric crisis, and draws an inference in his favor that he was not "agitated" to the point of requiring sedation. The administration of medically unnecessary medication clearly creates a potentially excessive risk to inmate health and safety. Liberally construing plaintiff's allegations, they support relief and plaintiff may proceed on this claim against Dr. Bhutia.

As for defendant Flores, it is well-settled that an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain. See Estelle, 429 U.S. at 105-106. Here, however, the allegations support an inference of deliberate indifference. The FAC states that plaintiff was displaying obvious symptoms of a serious adverse reaction to medication, that Flores was subjectively aware of these reactions, that she failed to document them, and that she created a false medical record. Plaintiff will be permitted to proceed on this claim against Flores as well.

B. The FAC States a Due Process Claim Against Dr. Bhutia

The decision to forcibly medicate an inmate implicates both substantive and procedural due process. Washington v. Harper, 494 U.S. 210, 222 (1990). Inmates have "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." United States v. Loughner, 672 F.3d 731, 744 (9th Cir. 2012) (quoting Harper, 494 U.S. at 221-22). However, the liberty interest "must be 'defined in the context of an inmate's confinement.'" Id. at 745 (quoting Harper, 494 U.S. at 222). Prison officials have an obligation to provide prisoners with medical treatment and have a duty to take reasonable measures to ensure an inmate's safety. Harper, 494 U.S. at 225. Involuntary medication may be permissible when justified by legitimate penological interests and administered pursuant to policy that adequately protects inmate rights. See Loughner, 672 F.3d at 745.

On screening, the court accepts the allegations of the FAC and draws reasonable inferences from them in plaintiff's favor. Plaintiff's allegations imply that he was neither in

mental health crisis nor agitated in a way that threatened institutional security, and therefore that the involuntary injection was not penologically justified. Thus construed, the allegations state a due process claim against Dr. Bhutia regarding involuntary medication.

## CONCLUSION

In sum, plaintiff has raised cognizable Eighth Amendment deliberate indifference claims against defendants Bhutia and Flores. He has also raised a cognizable Fourteenth Amendment due process claim against defendant Bhutia. Therefore, service of the FAC will be ordered.

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), service of the first amended complaint (ECF No. 17) is appropriate;

2. Plaintiff has stated cognizable claims against the following defendants, both of whom are employed at California Medical Facility - Vacaville:

- Tshering Bhutia, a psychiatrist, and
- Tiffany Flores, a registered nurse.

3. Specifically, the FAC states the following claims for relief:

- Eighth Amendment deliberate indifference against both defendants, and
- Fourteenth Amendment due process violation against Thsering Bhutia only.

4. If defendants either waive service or are personally served, they are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

Under separate order, the court shall direct that service be initiated on these defendants under the court's E-Service Pilot Program for civil rights cases for the Eastern District of California.

DATED: May 26, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE