UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY FREEMAN GUILLORY,

Plaintiff,

v.

TSHERING BHUTIA, et al.,

Defendants.

No. 2:21-cv-0462 WBS AC P

FINDINGS AND RECOMMENDATIONS

After defendants' motion for summary judgment was granted in part and denied in part, the court issued a further scheduling order and a minute order setting the case for a settlement conference for August 29, 2025, at 10:00AM before Magistrate Judge Sean C. Riordan via Zoom. ECF Nos. 50, 51. Plaintiff failed to appear for the scheduled settlement conference. ECF No. 54. At that time, defense counsel informed the court that they had not had any contact with plaintiff prior to the settlement conference. Id.

On September 15, 2025, defendant Bhutia moved to vacate the scheduling order and requested a status conference to discuss the schedule in light of plaintiff's failure to participate in the August 29, 2025, settlement conference, and defense counsel's inability to contact plaintiff. ECF No. 55. The court granted the motion, set a Zoom status conference for October 29, 2025, at 10:00AM before the undersigned, and instructed the parties to contact the undersigned's courtroom deputy by phone or email one day prior to the scheduled hearing to receive the Zoom information. ECF Nos. 56-58.

On October 29, 2025, the matter was called for a status conference. Defense counsel appeared; plaintiff did not. The court inquired whether plaintiff checked in and/or had contacted the courtroom deputy before the hearing, as he was instructed to do. The courtroom deputy confirmed he had not received any phone or email communication from plaintiff. The court noted that the record would reflect plaintiff's failure to appear and that the court would take appropriate action in light of what appears to be plaintiff's abandonment of the case.

On October 30, 2025, plaintiff was ordered to show cause within twenty-one days why this lawsuit should not be dismissed for failure to prosecute and comply with this court's orders. ECF No. 60. Plaintiff was warned that failure to respond to this order, coupled with prior failures to appear and comply with court orders, will be considered abandonment of this case and will result in a recommendation for dismissal. Id. at 2. The deadline to show cause has passed and plaintiff has not filed a response.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE